UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Robinson,<br><br>                           Plaintiff,<br><br>v.<br><br>City of San Diego; San Diego Police Department, et al.,<br><br>                          Defendants. | Case No.: 18-cv-1918-AJB-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. No. 5)** |

      Before the Court is the City of San Diego's and the San Diego Police Department's motion to dismiss counts three and six, as well as dismiss SDPD entirely from the complaint. (Doc. No. 5.) The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion. The Court **GRANTS** Defendants' motion and **DISMISSES** counts three and six from the complaint because Plaintiff failed to commence litigation within the statutory time period required under California Government Code § 945.6. The Court also **GRANTS** Defendants' motion dismissing SDPD from Plaintiff's 42 U.S.C. § 1983 claims. However, the Court **DENIES** Defendants' argument to dismiss SDPD from all claims, finding they are an appropriate defendant under the ADA and Section 504 of the Rehabilitation Act.

      Under Civil Local Rule 7.1.d.1, the Court finds the matters suitable for determination on the papers and without oral argument. Accordingly, the **January 31, 2019** motion

hearing date is **VACATED**.

## I. BACKGROUND

Plaintiff's case alleges the City of San Diego and SDPD violated his rights by "failing to provide effective communication to Deaf and Hard of Hearing individuals, including himself, who come into contact and interact with the SDPD. . . ." (Doc. No. 1 ¶ 3.) During an interaction between Plaintiff and SDPD, Plaintiff alleges SDPD failed to ascertain Plaintiff's failure to hear or his use of American Sign Language. (*Id.* ¶ 4.) As a result, SDPD officers "shot taser darts into Mr. Robinson, administered a number of painful electric shocks, struck him with fists and feet, and forcibly took him to the ground." (*Id.*) Plaintiff was arrested. (*Id.*) During his booking, Plaintiff repeatedly requested an interpreter, but one was never provided. (*Id.* ¶ 37.) Plaintiff was ultimately released and the district attorney did not bring any charges against him. (*Id.* ¶¶ 42, 43.)

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). The Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party, but is not required to accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a dismissal at this stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (stating a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

## III. DISCUSSION

Defendants move to dismiss: (1) counts three and six from the complaint; and (2) SDPD as defendants.

### A. Counts Three and Six

Under Government Code § 905, "[b]efore suing a public entity, the plaintiff must present a timely written claim for damages to the entity." *Shirk v. Vista Unified School*

*Dist.*, 42 Cal. 4th 201, 208 (2007). Under Gov. Code § 911.2(a), "[a] claim relating to a cause of action for death or for injury to person" must be presented no later than six months after accrual of the cause of action. Once a claim has been presented and rejected, a plaintiff has six months in which to file a lawsuit. Gov. Code § 945.6. Here, Defendants allege Plaintiff's third and sixth claims must be dismissed because Plaintiff presented these claims outside of this six month period. (Doc. No. 5-1 at 5.) Plaintiff received his rejection notice from the City on November 20, 2017, and filed his lawsuit in this Court on August 17, 2018—three months too late. (Doc. No. 1 ¶¶ 8–9.) In count three, Plaintiff alleges Defendants violated California Government Code § 11135. (Doc. No. 1 at 13.) In count six, Plaintiff alleges a deprivation of civil rights under California Civil Code §§ 51, 51.7, 52, 54, and 54.3. (*Id.* at 16–17.) Section 51 is known as the Unruh Civil Rights Act, § 51.7 is known as the Ralph Act, § 52 discusses damages and fees under these acts, § 54 grants disabled individuals the same rights to public places as the general public, and § 54.3 also discusses liability and damages.

Regarding Gov. Code § 11135, the Ninth Circuit favors the three year statute of limitations provided by Title II of the ADA, the closest federal counterpart to § 11135. *Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015). As the *Sharkey* court held, "California Government Code § 11135 provides the most analogous state-law claim to a Title II claim." *Id.* at 771. The court goes to reason that because "section 11135 provides an almost identical state-law counterpart to Title II, and we accordingly borrow the limitations period applicable to such claims." *Id.* The court also held that "there is no precedent holding that the personal injury limitations period is applicable where, as in the case before us, state law provides an almost identical counterpart to Title II." *Id.* at 772. Plaintiff argues the Court should adopt *Sharkey*'s reasoning and find he timely filed his lawsuit.

However, notably, Sharkey did not bring a cause of action against a public entity. *Id.* at 769. Instead, he filed suit against four parole agents. *Id.* Thus, section 945.6 would not have applied in that case. Here, Plaintiff brings suit against the City of San Diego and

SDPD—government agencies. Section 945.6 is clear that claims must be commenced in court within six months from the mailing of the written denial. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007) (quotation omitted) ("[U]nder these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."); *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 176 (1986) (citation omitted) ("The six-month statute of limitations for bringing suit is mandatory and must be strictly complied with."). Plaintiff claims no reason to toll the statute in this case. Accordingly, the Court **GRANTS** Defendants' motion and **DISMISSES** counts three and six.

### B.  Dismissal of San Diego Police Department as Defendants

Defendants assert SDPD is an improper party. (Doc. No. 5-1 at 4.) Plaintiff alleges SDPD is "a local government entity and an agency of the City of San Diego, independently subject to suit." (Doc. No. 1 ¶ 11.) However, Defendants dispute that, claiming SDPD "is a municipal department of the City of San Diego 'charged with the preservation of the peace and order of the City, the protection of all persons and property, and the enforcement of all penal ordinances and laws.'" (Doc. No. 5-1 at 4 (citing San Diego Municipal Code § 22.0601).) In Plaintiff's untimely response, he fails to address this argument. However, the City also failed to provide any authority to support its position that SDPD cannot be named as a defendant in any of the six causes of action alleged. Nevertheless—despite Defendants' failure to cite any case law supporting its position, and Plaintiff's failure to rebut Defendants' argument—the Court will analyze the appropriateness of SDPD as a defendant under each claim.

Plaintiff alleges the following causes of action against SDPD: (1) ADA Title II; (2) Rehabilitation Act of 1973 § 504 ("RA"); (3) Cal. Gov't Code § 11135; (4) 42 U.S.C. § 1983 — individual liability (excessive force, false arrest, false imprisonment, and malicious prosecution); (5) 42 U.S.C. § 1983 — entity and supervisory liability (failure to train/supervise/control); and (6) Cal. Civ. Code §§ 51, 51.7, 52, 52.1, 54, and 54.3. However, because the Court has now dismissed claims three and six, the Court will not

address those below.

### 1. *Claims Brought Under the ADA and Rehabilitation Act*

Plaintiff brings claims against SDPD under the ADA and the RA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, RA Section 504 states, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). Because Title II of the ADA and RA Section 504 are nearly identical, courts have determined that claims brought under the ADA and RA should be analyzed together and case law interpreting each statute is applicable to both. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

In order to state a claim for a violation of the ADA or the RA, an individual must establish: (1) he or she is an individual with a disability; (2) he or she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he or she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his or her disability. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Duvall*, 260 F.3d at 1134; *Zukle*, 166 F.3d at 1045, n.11.

Courts have recognized two types of ADA claims in the context of a police encounter: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as a criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably

accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees. *See Sheehan v. City of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub nom., *City of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015).

Under either theory, although unspecified in the complaint, Plaintiff states a claim against SDPD. Although Plaintiff never received a specific reason for his arrest or detainment, under the facts pled in Plaintiff's complaint, he could show that either he was arrested because he appeared he was resisting arrest, when he simply could not hear officer's commands, or, if the police provide a valid reason for his arrest, they still could have violated his rights by failing to accommodate his hearing disability. Either way, SDPD is a proper defendant and Plaintiff has stated a claim against it. *See Meister v. City of Hawthorne*, Case No. CV-14-1096-MWF (SHx), 2015 WL 12762058, at *10 (C.D. Cal. June 10, 2015) (denying a summary judgment motion brought by defendants, including the Hawthorne Police Department, for claims brought under the ADA, the RA, and other similar state law claims for hearing-related civil rights violations, and thus implying the police department could be sued under these theories). Thus, the Court **DENIES** dismissing the ADA or RA claims against SDPD.

### 2. *Claims Brought Under 42 U.S.C. § 1983*

The Court finds SDPD cannot be sued under 42 U.S.C. § 1983 because a municipality's police department is not a "person" subject to suit under § 1983. Instead, "persons" encompass state and local officials sued in their individual capacities, private individuals, entities which act under color of state law, and local governmental entities themselves. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). SDPD is a municipal department of the City of San Diego, California, and, therefore, is not considered a "person" within the meaning of § 1983. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, Case No: C 13-02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal.

Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell* [*v. Dep't of Social Servs*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983."). Thus, because SDPD is not a "person" within the meaning of section 1983, Plaintiff cannot maintain any claims against it under that statute. Accordingly, the Court **GRANTS** Defendants' motion with respect to Plaintiff's § 1983 claims. SDPD is **DISMISSED** as defendants to claims four and five only.

## IV. CONCLUSION

As instructed herein, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss. (Doc. No. 5.) The Court **DISMISSES** entirely counts three and six for violations of Cal. Gov. Code § 11135 and violations of Cal. Civ. Code § 51, 51.7, 52, 52.1, 54, 54.1, and 54.3. The Court also **DISMISSES** SDPD as defendants under both 42 U.S.C. § 1983 claims (counts four and five).

Still standing in the complaint are Plaintiff's: (1) Title II of the ADA claim against both defendants (count one); (2) Rehabilitation Act Section 504 claim against both defendants (count two); (3) 42 U.S.C. § 1983 claim against the City of San Diego only (count four); and (4) 42 U.S.C. § 1983 – entity and supervisor liability claim against the City of San Diego only (count five).

**IT IS SO ORDERED.**

Dated: January 29, 2019

Hon. Anthony J. Battaglia
United States District Judge