UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 18-cv-1918-AJB-AGS<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE** |

Plaintiff's counsel has failed to participate in these proceedings for many months. So this case should be dismissed for failure to prosecute.

## BACKGROUND

**A. Early Proceedings and First Show-Cause Hearing**

In February 2019, plaintiff's counsel failed to respond to defense counsel's emails to arrange the Rule 26(f) conference. (ECF No. 12, at 1.) Plaintiff's counsel ultimately failed to participate in the February 27, 2019 Rule 26(f) conference and failed to contribute to the Joint Discovery Plan, which the defense filed alone on March 11, 2019. (ECF No. 11, at 3; ECF No. 12, at 1; ECF No. 17.) That same day, plaintiff's counsel failed to submit the Court-ordered Early Neutral Evaluation statement and failed to produce initial

disclosures, as ordered.[1] (ECF No. 11, at 3; ECF No. 17; ECF No. 20-1, at 3.) Although plaintiff's counsel appeared for the March 18, 2019 ENE, he failed to meet his Court-ordered obligations thereafter, such as: (1) failing to meet the May 13, 2019 deadline for accepting or rejecting the Court's mediator's proposal; (2) failing to set up the May 14, 2019 joint phone call to chambers; and (3) failing to call in to chambers by 10:00 a.m. on May 14, 2019. (ECF No. 17.)

On May 22, 2019, the Court held a show-cause hearing on plaintiff's counsel's failure to participate and several missed deadlines; plaintiff's counsel appeared for that hearing. (ECF No. 19.) Although the Court discharged that show-cause order without further action, the Court explicitly admonished plaintiff's counsel: "If this sort of behavior were to rear its head again in this litigation . . . I certainly would take a much more severe approach, I think, to the sanctions that are appropriate." (Digital Court Record File, AGS_Courtroom_5C_20190522_154247, 17:10-17:35.)

## B. Later Proceedings and Second Show-Cause Hearing

Despite this warning, plaintiff's counsel has not meaningfully participated in the litigation since the May 22 show-cause hearing. He failed to respond to the defense's requests for admission and for document-production by the July 22, 2019 deadline. (ECF No. 20-2, at 2.) And he failed to respond to defense counsel's emails and phone calls about these discovery requests. (*Id.*) So, on August 12, 2019, the defense filed a motion to compel discovery responses. (ECF No. 20.) Plaintiff's counsel failed to respond to that motion in writing, and then failed to appear at the motion-to-compel hearing. (ECF No. 22.)

Because of that missed court appearance, the Court ordered plaintiff's counsel to appear on September 26, 2019, to show cause why he should not be held in contempt. (ECF No. 21.) But he again failed to appear. (ECF No. 23.)

---

[1] Indeed, plaintiff's counsel still had not provided his initial disclosures as of August 2019, some five months after the deadline. (ECF No. 11, at 3; ECF No. 20-1, at 3.)

2

# DISCUSSION

"The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In order to do so, there must be "unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citation and quotation marks omitted). The Court must also consider the following factors to determine if a dismissal for failure to prosecute is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Id.* (citation and quotation marks omitted).

## A. Unreasonable Delay

Here, there is unreasonable delay. Initial disclosures were due by March 11, 2019, and plaintiff's discovery responses were due July 22, 2019. (ECF No. 11, at 3; ECF No. 20-2, at 2.) Plaintiff's counsel provided neither. (*See* ECF No. 20-2, at 2; ECF No. 22.) And plaintiff's counsel failed to appear at both the September 12 and September 26 hearings. (ECF Nos. 22-23.) Because the October 18, 2019 discovery deadline is fast approaching, even if plaintiff's counsel were to resume participating today, the Court would likely have to extend the dates in this case to provide a meaningful opportunity for both sides to conduct discovery. (*See* ECF No. 14, at 2.) This case should be nearing the end of discovery; instead, it has not yet begun.

## B. The Five *Omstead* Factors

### 1. *Public's Interest in Expeditious Resolution of Litigation*

"[T]he public interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amlifier*, 191 F.3d 983, 990 (9th Cir. 1999).

### 2. *Court's Need to Manage its Docket*

This case has "come to a complete halt" because of plaintiff's counsel's failure to participate, and there is nothing to suggest that might change. *See Yourish*, 191 F.3d at 990. Plaintiff's counsel has failed to appear at two hearings in as many weeks and has not

responded to discovery requests or communication from opposing counsel. This Court has also been required to schedule yet another show-cause hearing. Thus, the Court's need to manage its docket weighs in favor of dismissal. *See id.*

### 3. *Risk of Prejudice to the Defendants*

"The law presumes injury from unreasonable delay," and thus the risk of prejudice to defendants also weighs in favor of dismissal. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (citation omitted). Moreover, "the risk of prejudice to the defendant is related to the plaintiff's reason" for failing to timely participate in the litigation. *Yourish*, 191 F.3d at 991. Unlike the *Yourish* plaintiffs, who at least offered a "very poor reason for their default," *see id.*, plaintiff's counsel has offered no reason at all for his absenteeism, nor has he communicated in any way for some time. And due to plaintiff's counsel's failure to respond to discovery requests, defendants have been unable to prepare their case.

### 4. *Public Policy Favoring Disposition of Cases on Their Merits*

Public policy favors disposing of cases on the merits, and this factor weighs against dismissal. *But see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").

### 5. *Availability of Less Drastic Sanctions*

Since this Court has already attempted a less drastic sanction, this final factor also weighs in favor of dismissal. On September 12, 2019, this Court ordered plaintiff to respond to the defense's document-production requests, which plaintiff's counsel failed to do. (*See* ECF No. 22.) And the Court treated "the contents of defendants' requests for admissions as having been admitted." (*Id.*) This Court also issued an Order to Show Cause, giving plaintiff's counsel an opportunity to explain why he should not be held in contempt. (ECF No. 21.) These measures have had no effect on plaintiff's counsel, as he failed to appear at the show-cause hearing and to respond to defendants' discovery requests. And

because of counsel's complete failure to communicate with defendants or this Court, it is unclear how any other measure would effectively be conveyed to him.

Despite this Court's efforts to encourage plaintiff's counsel to participate in this case, he has taken no action for months. Weighing the various *Omstead* factors together, the Court finds that dismissal with prejudice is amply warranted. Even if a less drastic sanction could be fashioned in an effective manner, dismissal would still be the preferred remedy, as the first three *Omstead* factors weigh so heavily here.

## CONCLUSION

Thus, this Court recommends that this case be **DISMISSED** with prejudice for failure to prosecute. By October 11, 2019, the parties must file any objections to this report. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: September 27, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge