UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Jeffrey ROBINSON,

                    Plaintiff,

v.

CITY OF SAN DIEGO, et al.,

                    Defendants.

Case No.: 18-cv-1918-AJB-AGS

**ORDER IMPOSING SANCTIONS ON ATTORNEY DARYL G. CROUSE**

Plaintiff's counsel Daryl G. Crouse failed to appear at two Court-ordered hearings and did not provide a satisfactory reason for those absences. The Court concludes that he must be sanctioned.

## BACKGROUND

**A.    Early Proceedings and First Show-Cause Hearing**

In February 2019, Crouse failed to respond to defense counsel's emails to arrange the Rule 26(f) conference. (ECF No. 12, at 1.) Crouse ultimately failed to participate in the February 27, 2019 Rule 26(f) conference and failed to contribute to the Joint Discovery Plan, which the defense filed alone on March 11, 2019. (ECF No. 11, at 3; ECF No. 12, at 1; ECF No. 17.) That same day, Crouse failed to submit the Court-ordered Early Neutral Evaluation statement. (ECF No. 11, at 3; ECF No. 17.) Although Crouse appeared for the

1

March 18, 2019 ENE, he failed to meet his Court-ordered obligations thereafter, such as: (1) failing to meet the May 13, 2019 deadline for accepting or rejecting the Court's mediator's proposal; (2) failing to set up the May 14, 2019 joint phone call to chambers; and (3) failing to call in to chambers by 10:00 a.m. on May 14, 2019. (ECF No. 17.)

On May 22, 2019, the Court held a show-cause hearing on Crouse's failure to participate; he appeared for that hearing. (ECF No. 19.) Although the Court discharged that show-cause order without further action, the Court explicitly admonished Crouse: "If this sort of behavior were to rear its head again in this litigation . . . I certainly would take a much more severe approach, I think, to the sanctions that are appropriate." (Digital Court Record File, AGS_Courtroom_5C_20190522_154247, 17:10-17:35.)

**B.     Later Proceedings and Second Show-Cause Hearing**

Despite this warning, Crouse did not meaningfully participate in the litigation after the May 22 show-cause hearing. He failed to respond to the defense's requests for admission and for document-production by the July 22, 2019 deadline. (ECF No. 20-2, at 2.) And he failed to respond to defense counsel's emails and phone calls about these discovery requests. (*Id.*) So, on August 12, 2019, the defense filed a motion to compel discovery responses. (ECF No. 20.) Crouse failed to respond to that motion in writing, and then failed to appear at the motion-to-compel hearing. (ECF No. 22.)

Because of that missed court appearance, the Court ordered Crouse to appear on September 26, 2019, to show cause why he should not be held in contempt. (ECF No. 21.) He again failed to appear. (ECF No. 23.)

**C.     Third Show-Cause Hearing**

After this second missed court appearance, the Court ordered Crouse to appear at a third show-cause hearing, scheduled for October 10, 2019. (ECF No. 26.) The day of that hearing, Crouse filed a response to the Order to Show Cause, explaining that he was in trial from September 9-24, 2019. (ECF No. 28, at 1.) The written response did not otherwise address why he missed (or failed to move to postpone) the September 12 hearing—which he had notice of a month before the referenced trial—or why he missed the September 26

hearing—which was held after his trial ended. When the Court offered Crouse a final opportunity to address the missed court appearances, he explained that he unintentionally failed to attend to his emails and the court docket in this case. As he had at the May 22, 2019 show-cause hearing, Crouse expressed his remorse and his promise to do better in the future.

## DISCUSSION

Magistrate judges have "the authority to sanction attorneys for failing to appear" at hearings. *Sapan v. SolarMax Tech., Inc.*, No. 15-cv-897-MMA-MDD, 2015 WL 6128425, at *2 (S.D. Cal. Oct 16, 2015); *see also* Fed. R. Civ. P. 16(f) (authorizing a court to issue "any just orders," including Rule 37 sanctions, "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order"); Local Civ. R. 83.1(a) (warning that counsel's failure to comply with a court order "may be grounds for imposition by the court of any and all sanctions . . . within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, [or] imposition of monetary sanctions"). No "bad faith finding" is required. *Sapan*, 2015 WL 6128425, at *3. A court may also report attorney misconduct to the "disciplinary body of any court before which the attorney has been admitted to practice." Local Civ. R. 83.5(a).

Crouse failed to appear at two hearings before this Court. He offered no satisfactory justification for his disregard of court orders, either in writing or in person. This Court has already issued a Report and Recommendation that this case be dismissed for failure to prosecute. (ECF No. 25.) Due to Crouse's repeated absences without adequate excuse, the Court finds that sanctions are necessary.

## CONCLUSION

Thus, the Court imposes the following sanctions: By October 18, 2019, Crouse must pay $2,000.00 to the United States Treasury's fund for "Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified." *See* Local Civ. R. 83.1(b). By that same date, Crouse must self-report this matter to the California State Bar and file with this Court proof

that he has so self-reported. In addition, the Court will refer this matter to this Court's Standing Committee on Discipline.

Dated: October 11, 2019

_____
Hon. Andrew G. Schopler
United States Magistrate Judge