UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ROBINSON,<br><br>                        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO SHERIFF'S DEPARTMENT, SHERIFF BILL GORE, SAN DIEGO CENTRAL JAIL and DOES 1-10,<br><br>                        Defendants. | Case No.: 18-cv-1918-AJB-AGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 75)** |

Pending before the Court is Defendants County of San Diego Sheriff's Department, San Diego Central Jail, and Sheriff Bill Gore's ("Defendants") Motion to Dismiss. (Doc. No. 75.) The motion is unopposed. For the reasons set forth more fully below, the Court **GRANTS** Defendants' motion to dismiss with leave to amend.

### I.    BACKGROUND

On August 23, 2017, San Diego Police Department ("SDPD") officers approached Plaintiff Jeffrey Robinson ("Robinson") as he was dropping off personal items at a local thrift store. (Doc. No. 66 at 2–3.) The officers allegedly either failed to recognize that Robinson is deaf, cannot hear, and/or failed to consider that he communicates primarily

using American Sign Language ("ASL"). (*Id.* at 3.) SDPD officers allegedly shot taser darts into Robinson and then arrested him (*Id.*) Robinson was held in Central Jail for three days without an ASL interpreter, although one was requested, and was thereafter released. (*Id.* at 9.) Robinson asserts violations of Title II of the American with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, California Government Code § 11135, Deprivation of Civil Rights – Individual Liability under 42 U.S.C. § 1983, Deprivation of Civil Rights – Entity and its Supervisory Liability under 42 U.S.C. § 1983, and Deprivation of Civil Rights under California Civil Code §§ 51 et seq. On September 3, 2021, Defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to this Court's order on September 7, 2021, Plaintiff's opposition to the Motion to Dismiss was due on or before September 21, 2021. To date, no opposition or Second Amended Complaint has been filed with the Court.

## II.   LEGAL STANDARD

Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. As further described in Local Rule 7.1.f.3.a., the opposition must be in writing. Failure to comply with these rules "may constitute a consent to the granting of a motion" under Local Rule 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III.   DISCUSSION

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Not only is orderly and swift resolution of disputes importance to the rule of law, but delay in reaching the merits "is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Along with determining the public's interest in expeditious resolution of the litigation, the district court judge is also in the best position to determine whether the delay in failure to oppose a motion or to comply with a timing requirement interferes with the court's docket management. *Yourish*, 191 F.3d at 990; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Accordingly, this factor weighs in favor of dismissal. *Id.* at 642.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Prejudice may include failing to produce documents or submitting documents late. *Id.* Moreover, the law presumes that unreasonable delay is prejudicial. *Id.* (citing *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994)). The plaintiff may rebut this presumption either by showing that no actual prejudice occurred or by setting forth a non-frivolous explanation for the delay, which then shifts the burden to the defendant to show some actual prejudice. *Id.* (citing *In re Eisen*, 31 F.3d at 1453). Here, Plaintiff has failed to rebut this presumption and accordingly this factor weighs in favor of dismissal.

As public policy favors disposition of cases on the merits, this factor generally weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply [with local rules] cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, this factor is not very persuasive to help a party who has the responsibility to move a case toward disposition on the merits. *Id.* Accordingly, this factor weighs in favor of dismissal.

1  The district court must also consider the impact of the sanction of dismissal and the
2  availability of less drastic alternatives. *Id.*
3        Accordingly, the Court finds that the majority of these factors weigh in favor of
4  dismissal of the Complaint.

### IV.   CONCLUSION

6        For the reasons set forth above, the Court hereby **GRANTS** Defendants' Motion to
7  Dismiss without prejudice. Plaintiff has thirty (30) days from the date of this Order to
8  submit an amended Complaint. Failure to do so will result in the Court's dismissal of this
9  case.

11  **IT IS SO ORDERED.**
12  Dated:  October 4, 2021

                                            Hon. Anthony J. Battaglia
                                            United States District Judge